FILED '09 OCT 15 13:38 USDC-ORP

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON

WARING PARK,

        Plaintiff,

   v.

ASHLAND DISTRICT RANGER,

        Defendant.

Civ. No. 08-3034-PA

**ORDER**

**PANNER, J.**

    Pro se plaintiff Waring Park brings this action for injunctive relief against the Ashland District Ranger, U.S. Forest Service. Plaintiff now moves for an injunction and a change of venue. I deny the motions.

**I.  Plaintiff's Motion for Injunctive Relief**

    Plaintiff alleges that he was kept awake by noises, including a siren, during the night of September 24, 2009. Plaintiff also alleges that a man tried to break into his van on

1 - ORDER

September 27, 2009.  Plaintiff alleges that the federal
government, including the assistant United States attorney, was
responsible for these events.

To obtain injunctive relief, plaintiff must establish "'a
sufficient likelihood that he will again be wronged in a similar
way . . . .'  That is, he must establish a 'real and immediate
threat of repeated injury.'"  D'Lil v. Best Western Encina Lodge
& Suites, 538 F.3d 1031, 1036-37 (9th Cir. 2008) (quoting
Fortyune v. American Multi-Cinema, Inc., 364 F.3d 1075, 1081 (9th
Cir. 2004) (further citations omitted)), cert. denied, 129 S. Ct.
2824 (2009).  A claim for injunctive relief must be based on more
than conjectural or hypothetical threats.  See City of Los
Angeles v. Lyons, 461 U.S. 95, 103 (1983).

Here, plaintiff has not alleged facts indicating that the
government was involved in the two incidents, or that similar
incidents are likely to occur in the future.  I deny plaintiff's
request for injunctive relief.

## II.  Plaintiff's Motion for Change of Venue

Plaintiff states the he "is in no shape for a courtroom
confrontation in Medford on 2 November '09, and therefore
requests a change of venue."  Plaintiff is referring to this
court's scheduled hearing on defendant's motion to dismiss.
Plaintiff states that he intends to file a timely response to the
motion to dismiss.

Plaintiff's request does not appear to be for a change of venue.  A change of venue would transfer this action to a different division within this district or to another district. See 28 U.S.C. § 1404(a) (court may transfer action to another district or division where the action could have been brought "[f]or the convenience of the parties and witnesses, in the interest of justice").  If plaintiff is seeking to change venue, he has not shown that a transfer would be appropriate here.  See Findley Adhesives, Inc. v. Williams, 751 F. Supp. 184, 186 (D. Or. 1990) (court has discretion to decide motion to change venue).

## CONCLUSION

Plaintiff's motions for an injunction and change of venue (#36) are denied.

IT IS SO ORDERED.

DATED this _____ day of October, 2009.


OWEN M. PANNER
U.S. DISTRICT JUDGE

3  - ORDER