FILED'09 DEC 01 16:04 USDC-ORP

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON

WARING PARK,

        Plaintiff,

   v.

ASHLAND DISTRICT RANGER,

        Defendant.

Civ. No. 08-3034-PA

**ORDER**

**PANNER, J.**

Waring Park brings this action seeking injunctive relief against the Ashland District Ranger, U.S. Forest Service. I dismiss this action with prejudice for failure to state a claim.

### BACKGROUND

In his initial complaint, plaintiff alleged that "federal authorities representing the Ashland District Ranger" assaulted him through "attempts to provoke a fight" and "intimidation by

1 - ORDER

gunfire from a vehicle." Plaintiff claimed that the alleged assaults caused him to suffer loss of eyesight from an "ophthalmic/ocular" migraine headache, and that he has been deprived of "the opportunity for meaningful review of a 'special use permit' application." Plaintiff later filed documents alleging further incidents. For example, he blames defendant for the theft of his laptop computer from a library.

After I dismissed the initial complaint without prejudice, plaintiff timely filed an amended complaint. In the amended complaint, plaintiff alleges that "over time," defendant "has assaulted and harassed Plaintiff, stolen from Plaintiff, caused Plaintiff serious injury, continuously exposed Plaintiff to serious injury, degraded and humiliated Plaintiff to the end of Defendant's advancement and enrichment under color of law in the control of police hegemony effected by defendant's contracts and informal associations." Amd. Compl. at 2. Plaintiff brings claims for fraud, violations of international treaties, and violations of the First, Fourth, Fifth, Eighth, and Ninth Amendments. Plaintiff dropped his claim for injunctive relief.

## LEGAL STANDARDS

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint also must give the defendant fair notice of the plaintiff's claims and the basis for the claims.

2 - ORDER

Conley v. Gibson, 355 U.S. 41, 47 (1957). Although the court takes allegations in the complaint as true, the court is "'not required to indulge unwarranted inferences.'" Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (quoting Metzler Inv. GMBH v. Corinthian Colleges, Inc., 540 F.3d 1049, 1064 (9th Cir. 2008)). "[C]onclusory allegations of law" cannot defeat a motion to dismiss. Adams v. Johnson, 355 F.3d 1179, 1183 (9th Cir. 2004).

Because plaintiff is representing himself, I construe his pleadings more leniently than those drafted by a lawyer. See Eldridge v. Block, 832 F.2d 1132, 1137 (9th Cir. 1987). This court will give a pro se litigant leave to amend a complaint unless no amendment could cure the deficiencies of the complaint. Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc).

## DISCUSSION

In the order dismissing plaintiff's initial complaint, I stated that "[a]lthough federal pleading standards are lenient, plaintiff needs to allege with more specificity the alleged acts giving rise to his claims, as well as the officials involved." I warned plaintiff that he "must provide more than speculation or conclusions regarding defendant's responsibility for the alleged constitutional violations." Although plaintiff's amended complaint enumerates his claims, its factual allegations are less specific his initial complaint.

3 - ORDER

## I. Claims Based on the Denial of a Special Use Permit

In June 2000, plaintiff entered into an "Agreement for Individual Voluntary Services" with the District Ranger. See Park v. Ashland District Ranger, 01-82-HO, slip op. at 1-2 (D. Or. Sept. 25, 2001) (docket no. 31). Under the services agreement, defendant allowed plaintiff to occupy public land in exchange for plaintiff's services, including preventing vandalism, picking up trash, identifying violators, and teaching visitors about proper public land use. Plaintiff's agreement with the Forest Service was to last from June 14, 2000 to August 1, 2000. Plaintiff performed his duties until defendant terminated the agreement in December 2000.

Plaintiff alleges both here and in the prior action that he suffers from periodic blindness relieved by living in a natural environment. In his permit application, plaintiff stated that his requested use of the land was necessary to prevent a medical emergency. Defendant denied plaintiff's permit application and his requests for appeal.

In the prior action, plaintiff alleged that defendant breached an oral contract and unfairly refused to grant a special use permit. In September 2001, this court granted defendant's motion to dismiss for failure to state a claim and failure to plead subject matter jurisdiction. Rather than file an amended complaint, plaintiff appealed the dismissal to the Ninth Circuit.

4 - ORDER

The Ninth Circuit dismissed the appeal for lack of jurisdiction. Plaintiff unsuccessfully sought reconsideration with the Ninth Circuit, and did not file an amended complaint. In July 2002, this court dismissed the action with prejudice.

In his amended complaint, plaintiff alleges that defendant denied a meaningful opportunity to review his application for a special use permit. To the extent that plaintiff bases his current claims on defendant's denial of a special use permit in 2000, his claims are barred by claim preclusion. This court has dismissed plaintiff's prior action, which also challenged defendant's denial of the special permit. Although plaintiff contends that there was no basis for dismissal with prejudice, this court's previous judgment was final and on the merits. See Costantini v. Trans World Airlines, 681 F.2d 1199, 1201 (9th Cir. 1982).

## II. Fraud Claim

Plaintiff has not stated a claim for fraud. Even if he had stated a claim, there is no allegation that he followed the procedures required by the Federal Tort Claims Act for bringing such a claim. 28 U.S.C. § 2675(a) (exhaustion requirement).

## III. Violations of International Treaties

Plaintiff brings claims for violations of the International Covenant on Civil and Political Rights (ICCPR) and the International Covenant on Economic, Social and Cultural Rights

5 - ORDER

(ICESCR), which he says implement the Universal Declaration of Human Rights.

The treaties cited by plaintiff do not support a private right of action. See <u>Guaylupo-Moya v. Gonzalez</u>, 423 F.3d 121, 137 (2d Cir. 2005) ("provisions of the ICCPR do not create a private right of action or separate form of relief enforceable in United States courts"); <u>Flores v. Southern Peru Copper Corp.</u>, 414 F.3d 233, 258 (2d Cir. 2003) (ICESCR); <u>Siderman v. Republic of Argentina</u>, 965 F.2d 699, 719 (9th Cir. 1992) (Universal Declaration of Human Rights). Plaintiff cannot base his claims on the cited international treaties and documents.

## IV. Violations of Constitutional Rights

I construe plaintiff's claims for constitutional violations as <u>Bivens</u> claims against defendant in her personal capacity. See <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971). Plaintiff's allegations are not sufficient to state a claim for any constitutional violation.

Plaintiff has no claim under the Eighth Amendment. Plaintiff was not in custody after a conviction. See <u>Pierce v. Multnomah County</u>, 76 F.3d 1032, 1042 (9th Cir. 1996).

Plaintiff has no claim under Ninth Amendment. His Ninth Amendment claim relies on international treaties that do not support a private right of action.

For his claim under First Amendment, plaintiff contends that

6 - ORDER

defendant retaliated against his exercise of free speech by allowing shooting, poaching, and other harassment of plaintiff on national forest land, as well as ridiculing plaintiff's attempt to control his blindness. Plaintiff has not alleged a connection between his conduct and defendant's alleged conduct sufficient to support a retaliation claim under the First Amendment.

For his claim under the Fourth Amendment, plaintiff argues that defendant violated his expectation of privacy in his car. Plaintiff has not pleaded facts to support this claim.

For his claim under the Fifth Amendment, plaintiff argues that defendant denied him due process and equal protection rights by not allowing an administrative appeal. This claim is barred by claim preclusion because it is based on the denial of the special permit addressed in plaintiff's 2001 action.

## V. Defendant's Certification Was Proper

To certify compliance with Local Rule 7.1, defendant stated in the motion to dismiss that "the parties are unable to resolve the dispute regarding the claims against the United States." Plaintiff contends that "the U.S. Attorney contacted plaintiff, stating that Plaintiff had **refused to confer**, and that if plaintiff did not **voluntarily withdraw the complaint**, a *motion to dismiss* would be filed on jurisdictional grounds." When the Assistant United States Attorney asked plaintiff to withdraw the complaint, plaintiff said he would do so only if there was a

7 - ORDER

settlement agreement.

Accepting plaintiff's account as true, I conclude that he has not shown that defendant violated the local rule. Plaintiff would not agree to dismiss voluntarily, so defendant was free to file the motion to dismiss.

I conclude that it would be futile to allow plaintiff to file a second amended complaint, so I dismiss this action with prejudice.

## CONCLUSION

Defendant's motion to dismiss (#31) is granted. This action is dismissed with prejudice.

IT IS SO ORDERED.

DATED this ___/___ day of December, 2009.

_____
OWEN M. PANNER
U.S. DISTRICT JUDGE

5 - ORDER